IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ROBERTSON,                                  OPINION and ORDER

                    Plaintiff,                              10-cv-242-bbc

          v.

MIRON CONSTRUCTION CO. and
STEVEN MILLER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil action for monetary relief arises out of plaintiff Michael Robertson's termination as a job superintendent for defendant Miron Construction Co.  Initially, plaintiff filed this suit in the Circuit Court for Marathon County, asserting four claims against defendants Miron Construction and Steven Miller, including (1) Miron Construction terminated him wrongfully in violation of a collective bargaining agreement and Wisconsin public policy; (2) Miron Construction repudiated its arbitration rights under the collective bargaining agreement; (3) both defendants had engaged in a civil conspiracy and harmed plaintiff as a result; and (4) both defendants were liable for punitive damages.  On May 4, 2010, defendants removed the suit on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446, contending that plaintiff's first two legal theories were

1

completely preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  On May 28, 2010, plaintiff filed an amended complaint, deleting his claims against defendants that specifically mention the collective bargaining agreement.

Now before the court are defendants' motion to dismiss the amended complaint for improper venue or to stay the proceedings pending arbitration, dkt. #4, and plaintiff's motion to remand the case, dkt. #7.  Because only state law claims remain in this case, I am granting plaintiff's motion to remand the case to the Circuit Court for Marathon County. This court will take no action on defendants' motion to dismiss or stay.  The parties may present their arguments regarding this motion to the state court if they so choose.

Solely for the purpose of deciding this motion to remand, I draw the following facts from the amended complaint and the procedural history of the case.

ALLEGATIONS OF FACT

Plaintiff Michael Robertson is a resident of Wood County, Wisconsin.  From January 2007 to January 2009, he was employed by defendant Miron Construction Co., a Wisconsin corporation engaged in the construction business.  Defendant Steven Miller is a resident of Wisconsin and also employed by Miron as project manager.

From January 2007 to November 2008, plaintiff was a project foreman supervising construction performed by defendant Miron for Wisconsin Public Service in Weston,

2

Wisconsin.   In November 2008, plaintiff was promoted to job superintendent.   As superintendent, he was responsible for all work performed by Miron and its subcontractors for Wisconsin Public Service in Weston.   Defendant Miller was plaintiff's immediate supervisor.

On January 15, 2009, Wisconsin Public Service notified plaintiff that a cooling tower required de-icing.  Plaintiff called approximately twenty union craftsworkers employed by Miron to perform the de-icing.  The workers completed the de-icing on the evening of Thursday, January 15, 2009.  Most of the craftsworkers worked between three and four hours and a few workers worked more than five hours.

The following day, defendant Miller ordered plaintiff to bill Wisconsin Public Service twelve hours for each craftsworker who worked on the de-icing project.  Plaintiff told Miller he would not submit time records showing more hours than had actually been performed. Miller told plaintiff that his refusal to submit false time records had just "cost him" his job. Plaintiff left the job site, believing that he had been terminated.

Later that day, Guy Kaiser, a vice president of defendant Miron Construction and defendant Miller's supervisor, told plaintiff he was still job superintendent and should report to work Saturday morning.  Plaintiff did so.  On Saturday morning, defendant Miller approached plaintiff again about the time records for the de-icing project.  Plaintiff refused to submit false records, and Miller submitted the false time records to Wisconsin Public

3

Service himself.

On January 22, 2009, defendant Miller told plaintiff that he was terminated for taking home property belonging to defendant Miron Construction. Plaintiff replied that he was required to have such property in his possession at all times because of his position as a job superintendent. Miller then told plaintiff he was terminated because he could not get along with the employees he supervised.

PROCEDURAL HISTORY

Plaintiff filed his original complaint in the Circuit Court for Marathon County on March 19, 2010. On May 4, 2010, defendants removed the suit on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, contending that plaintiff's two claims citing the collective bargaining agreement between the parties were completely preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and were therefore federal claims. Defendants contended that this court had supplemental jurisdiction over plaintiff's state law claims for civil conspiracy and punitive damages pursuant to 28 U.S.C. § 1367(a).

On May 11, 2010, defendants filed a motion to dismiss the case for improper venue or to stay the proceedings pending arbitration. Dkt. #4. Defendants contend that plaintiff is required to arbitrate its claims against them in accordance with the provisions of a

collective bargaining agreement that governs the parties' relationship.  On May 28, 2010, plaintiff filed several documents with the court.  First, plaintiff responded to defendants' motion, contending that defendants have either repudiated their arbitration rights or should be equitably estopped from invoking arbitration.  Second, plaintiff filed an amended complaint, removing any reference to a collective bargaining agreement from his wrongful termination claim and dropping the claim that defendant Miron Construction had repudiated its arbitration rights.  Finally, plaintiff filed a motion to remand the case to the Circuit Court for Marathon County.

In the preliminary pretrial conference order, dkt. #14, the magistrate judge "redirected" defendants' motion to dismiss toward plaintiff's amended complaint and allowed defendants to submit a supplemental brief in support of dismissal.  Defendants' motion to dismiss and plaintiff's motion to remand have been fully briefed by both parties.


OPINION

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court.  28 U.S.C. § 1441(a).  The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.  <u>Doe v. Allied-Signal, Inc.</u>,

985 F.2d 908, 911 (7th Cir. 1993).  Defendants Miron Construction Co. and Steven Miller removed the case to federal court, properly invoking the court's federal question jurisdiction under 28 U.S.C. § 1331 because two of plaintiff's original claims would have required analysis of the collective bargaining agreement between the parties and were therefore preempted by the Labor Management Relations Act.  Tifft v. Commonwealth Edison Co., 366 F.3d 513, 516 (7th Cir. 2004) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)) (holding that claims arising out of collective bargaining agreement or requiring analysis of its terms are preempted by § 301 and are removable to federal court); see also Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 (1988).

However, after removal occurred, plaintiff filed an amended complaint, dropping his claims that defendant Miron repudiated its arbitration rights under the collective bargaining agreement and terminated plaintiff in violation of the collective bargaining agreement.  In the amended complaint, plaintiff alleges only that defendant Miron's termination was "contrary to public policy of the State of Wisconsin found in Wisconsin's criminal code." Dkt. #9, ¶ 22.  Plaintiff contends that his claims do not require analysis of the collective bargaining agreement and are not preempted by the LMRA.  Thus, plaintiff contends, because there are no federal claims remaining in the case, the court should remand the case to state court.

The LMRA does not preempt claims in which a worker is seeking enforcement of

7"substantive rights independent of the collective bargaining relationship."  Nelson v. Central Illinois Light Co., 878 F.2d 198, 201 (7th Cir. 1989) (plaintiff's state law retaliatory discharge claim was not preempted by LMRA because analysis of elements of tort did not require court to interpret collective bargaining agreement) (citing Lingle, 486 U.S. at 413 ("[A]n application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement.")  Moreover, the fact that a defense to a claim may require a court to construe provisions of a collective bargaining agreement between the parties is not enough to confer federal question jurisdiction on preemption grounds.  Caterpillar, 482 U.S. at 392-94; Nelson, 878 F.2d at 202-03 ("The defendant may not destroy the state-law character of the plaintiff's suit merely by raising a legal defense based on federal law.")

There is a question whether plaintiff's claim for wrongful termination arises from a collective bargaining agreement or would necessarily require interpretation or construction of a collective bargaining agreement between the parties.  Plaintiff contends that his claim requires no interpretation of the collective bargaining agreement.  In their opposition to remand, defendants do not respond to plaintiff's argument; instead, they argue only that plaintiff's original complaint was preempted and provided the basis for removal.  Because defendants failed to oppose plaintiff's argument, they have waived any argument against remand based on preemption.  Thus, for the purpose of this motion, I will accept plaintiff's

argument that his state law claims are not preempted by the LMRA.

However, defendants contend that this court may exercise jurisdiction over the remaining claims in the case even if they are state law claims.  Defendants cite <u>In re Burlington Northern Santa Fe Railway Co.</u>, 606 F.3d 379 (7th Cir. 2010), and <u>Cunningham Charter Corp. v. Learjet, Inc.</u>,592 F.3d 805 (7th Cir. 2010), for support.

I agree with defendants that plaintiff's amended complaint does not automatically deprive this court of jurisdiction over the remaining claims.  As the Court of Appeals for the Seventh Circuit explained in <u>Burlington Northern</u>, 606 F.3d at 380, "[t]he well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."  In that case, the court of appeals concluded that jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), (d)(5), was secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations.  <u>See also</u> <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 293 (1938) (post-removal amendment to complaint to claim less damages does not defeat federal court jurisdiction under diversity statute); <u>In re Shell Oil Co.</u>, 970 F.2d 355, 356 (7th Cir. 1992) ("Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint"); <u>Bullard v. Burlington Northern Sante Fe Railway Co.</u>, 535 F.3d 759, 762 (7th Cir. 2008) ("We doubt that anything filed after a notice of removal can affect federal jurisdiction.")

8

On the other hand, defendants have not disputed that the only claims remaining in this case are plaintiff's state law claims, over which this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  When a plaintiff drops its federal claims and seeks remand, it is within the discretion of the district court to decide whether remand should be granted.  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988); 28 U.S.C. 1367(c)(3).  E.g., Goins v. City of Quitman, 2010 WL 2687706, *1-2 (M.D. Ga. June 30, 2010) (remanding case after plaintiff amended complaint and dropped federal claims); Wisconsin Humane Soc., Inc. v. Humane Milwaukee, Inc., 2009 WL 1150399, *1 (E.D. Wis. Apr 29, 2009) (same); Riley v. Carson Pirie Scott & Co., 946 F. Supp. 716, 718 (E.D. Wis. 1996) (same).  In exercising that discretion, the court is to consider what would "best serve[] the principles of economy, convenience, fairness, and comity which underlie the [supplemental] jurisdiction doctrine."  Cohill, 484 U.S. at 357.  In addition, the Court of Appeals for the Seventh Circuit has instructed the lower courts that once federal claims are dismissed from a case, as a "general rule," the court should decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c).  Wright v. Associated Insurance Companies, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994).

In the instant case, this action is in its infancy and the only remaining claims are state law claims.  No judicial resources have been committed to the resolution of these claims and there is no other aspect of judicial economy, convenience, fairness or comity to support

9

retaining these claims.  Id. (listing these as the general factors to consider).  I am not persuaded by defendants' arguments that plaintiff's decision to amend his complaint was "manipulative."  This is not a case in which plaintiff attempted to take his chances and file a suit under a federal statute in state court.  It is more likely that plaintiff did not intend his original claims to be federal in character; the original complaint did not cite the Constitution or any federal statutes.  Moreover, defendants will not be unduly prejudiced because they may raise their arguments regarding arbitration or preemption to the state court. Accordingly, I conclude that this case should be remanded to the Circuit Court for Marathon County, Wisconsin.


ORDER

IT IS ORDERED that plaintiff Michael Robertson's motion for remand, dkt. #7, is GRANTED and this case is REMANDED to the Circuit Court of Marathon County.  The clerk of court is directed to transmit the file to the Circuit Court of Marathon County.  This court will take no action on defendants' motion to dismiss or stay, dkt. #4.

Entered this 17th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge


10